## C. J. TOWER & SONS v. UNITED STATES

**No. 6023.**—Invoice dated Hamilton, Ontario, Canada, November 30, 1941.
Entered at Buffalo, N. Y., December 3, 1941.
Entry No. 5152.

(Decided June 5, 1944)

*Lamb & Lerch* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between Paul P. Rao, Assistant Attorney General, counsel for the defendant and Lamb & Lerch counsel for the plaintiff, subject to the approval of the court:

1. That the merchandise covered by the above appeal to reappraisement consists of high carbon Chrome-X (briquets).

2. That said merchandise was entered under duress to meet the advances being made by the appraiser in a similar case namely: Rouses Point Entry, No. 1999, etc. Reappraisement No. 138911-A, etc. (decided in Reap. Dec. 5607).

3. That said merchandise was appraised on the basis of foreign value equal to the importer's claimed value plus a Canadian sales tax of 8 per centum;

4. That an investigation has disclosed that this merchandise and merchandise similar thereto was not subject to the 8 per centum Canadian sales tax;

5. That 10.1544 cents, U. S. currency, per pound chrome content was the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Canada in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

6. That on the date of exportation herein involved there was no higher foreign value, and

7. That this appeal to reappraisement may be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was 10.1544 cents, United States currency, per pound chrome content.

Judgment will be rendered accordingly.